## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Glynndeavin von Fox, | ) | Case No. 2:17-cv-483-RMG-MGB |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| College of Charleston, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

On December 13, 2016, Glynndeavin von Fox ("Plaintiff") filed this civil action, construed as an action pursuant to 42 U.S.C. § 1983, against the College of Charleston ("Defendant") in state court. (See Charleston County Court of Common Pleas, Case No. 2016-CP-10-06662). Plaintiff is a non-prisoner litigant and is proceeding *pro se*. Defendant removed the case to federal court (DE# 1, Notice of Removal) and moved for dismissal (DE# 8, Motion to Dismiss). After issuance of a Roseboro Order (DE# 9), Plaintiff filed a "Response" (DE# 15, totaling 362 pages with exhibits). Defendant filed a "Reply" (DE#16). Plaintiff filed a sur-reply without leave (DE# 17) and a letter with exhibits (DE# 18) regarding his psychological evaluation and competency to stand trial in pending state criminal proceedings.

Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2) (D.S.C.), the United States Magistrate Judge is authorized to submit findings and recommendations to the United States District Judge. Upon careful review, the Magistrate Judge recommends that the Defendant's "Motion to Dismiss" be **granted**, and that the Complaint (DE# 1) be **dismissed**, with prejudice, for the following reasons:

## I. The Present Lawsuit

Plaintiff, who is not enrolled as a student at the College of Charleston, has sued the College

because he received a trespass notice.[1] Plaintiff's entire statement of the case consists of the

following (verbatim):

> College of Charleston trespass notice was given on the 6th of September
> 2016 as Glynndeavin von Fox was in the process of self-service of a
> summons and complaint regarding the Charleston County Judicial
> Department. This trespass notice was given without any reasoning or
> documentary evidence of actual physical appearance of Glynndeavin von
> Fox on the College of Charleston property without an ability to access.
> The only issue that could have occurred is when Glynndeavin von Fox
> was accused of sleeping in the Starbucks of the Addlestone Library, and
> the issue at the Starbucks is utterly false. With no cause being given by the
> College of Charleston other than a rambling notion about student conduct
> at a college within the South Carolina flagship over watch of the university
> of South Carolina that is riddled with numerous drug violations and
> student conduct of abusive natures, and the fact that Glynndeavin von Fox
> has never had a relationship with any College of Charleston student or
> fraternity other than required by professors in course environments.
>
> It is simply a false statement under South Carolina Code of Law Title 16,
> Chapter 3, Article 13, Section 16-3-1280. I look to this honorable court to
> hear the fact that as Glynndeavin von Fox has the College of Charleston
> in the United States of America Supreme Court process, they simple
> cannot stop harassment of Glynndeavin von Fox based on his national
> origin name and Native American status with the State of South Carolina.
> I hope that this honorable court can hear the issue, in order for the College
> of Charleston to grasp with the reality that it is not a private college that
> can do what it wants with taxpayer funding, and it is not in the protection
> of the Ivy League when obstructing state and federal law through contract
> obligation.

(DE# 1-1 at 5).

Plaintiff attaches a letter dated August 25, 2016 from Robert Reese, Chief of Police,

Department of Public Safety, College of Charleston. (DE# 1-1 at 8). In the letter, Reese indicates

---

[1] Plaintiff refers to the College of Charleston as his "former Alma Mater." (DE# 15-2 at 11). Also, in a prior case, he sued the College of Charleston because he had not made it through the program and wanted his "full tuition reimbursed." See D.S.C. Case No. 2:16-cv-97-RMG-MGB (DE# 1 at 7, ¶ IV).

that "based on information provided to me from my staff, and after conferring with other campus officials, I have reason to believe that you have engaged in conduct on our campus that threatens the well-being of our student, faculty members, staff, and our educational mission." (*Id*.). The letter warned Plaintiff, pursuant to S.C.Code Ann. §16-11-260, "not to enter or remain upon the property of the College for any purpose whatsoever without first obtaining the written authorization of the College." (*Id*.). The letter also advised Plaintiff that he could apply to have the restriction lifted upon presentation of satisfactory evidence that "you no longer represent a threat" and gave Plaintiff information on how to apply. Instead of submitting such evidence, Plaintiff filed this lawsuit against the College of Charleston.

In his Complaint, Plaintiff requests the following relief:

> "I would like the court to award 150,000.00 USD, if found in favor of this court towards Glynndeavin von Fox. I base this decision on the Bureau of Justice Statistics within the Department of Justice."

(DE# -1 at 7).

Based on Plaintiff's references to harassment based on national origin, the Defendant removed this action to federal court. Defendant then filed a Motion to Dismiss (DE# 8). In addressing Plaintiff's allegations, Defendant accurately points out that the *pro se* Plaintiff has a history of filing "incoherent or confusing pleadings in various courts" and that this case is no exception." (*Id*. at 1, fn.1). The record reflects that, in 2016 in this federal judicial district, Plaintiff filed at least twenty-one (21) cases, all of which were summarily dismissed.[2] Plaintiff is currently subject to a filing injunction in federal court. Having removed the case, the Defendant now moves

---

[2] See D.S.C. Case Nos. 2:16-cv-98; 2:16-cv-106; 2:16-cv-131; 2:16-cv-132; 2:16-cv-136; 2:16-cv-179; 2:16-cv-180; 2:16-cv-181; 2:16-cv-182; 2:16-cv-183; 2:16-cv-184; 185; 2:16-cv-186; 2:16-cv-197; 2:16-cv-188; 2:16-cv-209; 2:16-cv-225; 2:16-cv-227; 2:16-cv-228; 2:16-cv-394. Plaintiff also filed numerous cases in state court. See also DE# 15-2 at 8, n.1, referring to "at least eighteen (18) lawsuits [filed] in the County of Charleston" in 2016.

for dismissal because: 1) the College of Charleston is protected by sovereign immunity; and 2) for

several reasons, the Complaint fails to state a plausible claim under Rule 12(b)(6) of the Federal

Rules of Civil Procedure.

In response, Plaintiff submitted 362 pages of incoherent arguments and irrelevant

documents.[3] For example, Plaintiff submitted a document where he complains to the Office of the

Secretary General of the United Nations that:

> He has had to face constant harassment through protest by political action
> organizations like Black Lives Matter, fraternities and sorority's (sic) from
> his Alma Mater, and associations of hoteliers (sic) that try to block his stay
> under the South Carolina Lodging Establishment Act for accusations of
> sleeping in restaurants while watching the Olympics in Rio, which is
> ironic, because he was a boxer on the USAF Olympic Team selection
> program before emergency deployment to Kuwait as a member of the
> USAF Special Operations Task Force for Operation Southern Watch. Why
> would he sleep while watching old colleagues attempt gold medals?

(DE# 15-2 at 11, "Advisory Opinion Request"). He indicates that he sent such document to

numerous embassies, as well as "The Vatican" and the "Charleston County Court." (*Id*. at 12).

Plaintiff attaches a lengthy article entitled "Historical Overview of the Santee Indian Tribe of

South Carolina," along with various appendices and genealogical records of various tribes. (DE#

15-2 at 35-116; 15-3 at 1-117; 15-4 at 1-122). Plaintiff does not coherently explain the purported

significance of any of these exhibits.[4] Plaintiff has on multiple occasions requested "protection

---

[3] Plaintiff attaches documents that reference a visit by the Mobile Crisis Team to Plaintiff's residence for assessment regarding his civil commitment. (DE# 15-2 at 8). He also attaches a psychological evaluation (ordered by the Family Court of the 9th Judicial Circuit of South Carolina) finding that he had "clinically significant elevation with regard to ideas of persecution" and some indications of "paranoia." (DE# 15-4 at 119-120). This Court takes judicial notice of references in Plaintiff's prior cases indicating that he was diagnosed as paranoid schizophrenic in 2013. (See D.S.C. Case No. 2:16-cv-179, DE#1 at 10, complaining of doctor's alleged "misdiagnosis"). The Court may properly take judicial notice of its own records. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("the most frequent use of judicial notice is in noticing the content of court records").

[4] The gist of Plaintiff's allegations appears to be that because he was cited for trespassing on college property, he was somehow "discriminated" against because he is allegedly Santee Indian. Plaintiff alternatively claims to be "Edistowe-Kiawah Indian." (DE# 15-2 at 13-14). Plaintiff also refers to his "European" heritage. (*Id*. at 11).

from court appearance." (DE# 19, 26, 29, 32). His stated reasons included alleged travel to England from April 22-30, 2017,  alleged travel to China from July 4-10, 2017 (DE#32), alleged travel to Boston for kidney stone surgery from July 8-15, 2017 (DE# 26), and alleged travel to Las Vegas from July 23-28, 2017 (DE# 29).[5]

In its Reply, the Defendant points out that Plaintiff's Response contains "disjointed arguments, including references to his mental health status as well as his interpretation of barratry." (*Id.*).[6] Defendant points out that due to the confusing nature of such allegations, the College must speculate as to what claims the Plaintiff is attempting to bring. (*Id* at 2). Defendant correctly asserts that the Plaintiff's Complaint fails to "put the College on notice as to the specific causes of action he is asserting against the College." (*Id.*).

In his Sur-Reply, the *pro se* Plaintiff indicates that:

> The [D]efendant also alleges that the State of South Carolina does not have the proper ability to determine its own form filing ability under the court form of SCCA/234 to determine a filing through South Carolina Code of Law, and even goes to *Fortune Telling* of the plaintiff's intent of filing with clear and concise writing that show false reporting as the reasoning under state court form. The Plaintiff's cases of a federal violation are at the United States of America Supreme Court under review for violation of federal laws as brought by the defendant's attorney, with proper citation under federal form of the issue with the College of Charleston through civil claims in a federal district court.

---

[5] The dates of Plaintiff's alleged travel to China and Boston overlap, and it would be impossible for him to travel to such places at the same time. Moreover, courts records indicate that Plaintiff is restricted from traveling due to pending state criminal charges. Plaintiff was arrested on January 5, 2013, for assault on a police officer (SC statute 16-3-630a) and throwing of bodily fluids (SC statute 24-13-470). See http://jcmsweb.charlestoncounty.org.  See also D.S.C. Case Nos. 2:16-cv-106 and 2:16-cv-209 (referring to such charges). Given that Plaintiff was arrested and deported from Japan in 2013 (DE# 15-2 at 10), his passport was confiscated in connection with the state charges. See D.S.C. Case No. 2:16-cv-227 (DE# 1 at 4, complaining that he had to surrender his passport as part of the pre-trial intervention program; DE# 7, complaining that the "9th District Solicitor" was not allowing him to travel); see also D.S.C. Case Nos. 2:16-cv-180 (DE# 1 at 4-5) and 2:16-cv-225 (DE# 1 at 4-6).

[6] Barratry is defined as "the offense of frequently exciting and stirring up quarrels and suits between other individuals." *Osprey, Inc. v. Cabana Ltd. Partnership*, 340 S.C. 367, 374 (May 15, 2000). The laws against barratry are intended to prevent "multitudinous and useless lawsuits." *Id.*

(DE# 17 at 1-2, italics in original). Even if such improper Sur-Reply is considered, Plaintiff's arguments fail to clarify matters. His allegations are largely incomprehensible, although it is apparent that he is unhappy about the trespass notice he received.

Plaintiff also filed a copy of letter he wrote to "Secretary General Antonio Guterres" in Geneva, Switzerland. (DE# 37).[7] In such letter, Plaintiff refers to "the solidity of the peonage of the State of South Carolina," indicates that he needs to "pay bills in the capitalist country of the United States of America," and indicates (verbatim) that "this solidifies the need to find a new country to live in, and seek the full-fledged political asylum with the 40 different countries on the political asylum list from Tokyo, Japan and the United States of America political asylum regarding documents from Tokyo, Japan with the State of South Carolina." (*Id*.). He also sent such letter to the President of the United States of America, the Governor of South Carolina, and the Republic of China Embassy in Washington D.C. (*Id*.; see also DE# 15-2 at 9).

## II. <u>Standard of Review</u>

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. Rule 12(b)(6). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus*., 637 F.3d 435, 440 (4th Cir. 2011). However, "the tenet that a court must accept as true all of the allegations contained in a complaint

---

[7] António Guterres is the ninth Secretary-General of the United Nations. He took office on 1st January 2017. See https://www.un.org/sg/en/content/sg/biography.

is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Although *pro se* complaints are liberally construed, a plaintiff must do more than make vague and conclusory statements to state a claim for relief. *Iqbal*, 556 U.S. at 678. A plaintiff must allege facts that actually support a plausible claim for relief. *Id.* "Facts pled that are 'merely consistent with' liability are not sufficient." *Id.*; *A Soc'y Without a Name v. Va.*, 655 F.3d 342, 346 (4th Cir. 2011). Courts also have inherent authority to review cases for frivolity. A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). The liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## III. Discussion

Review of the Complaint reflects multiple reasons why the College of Charleston is entitled to dismissal of this lawsuit.

### A. Sovereign Immunity

The Defendant asserts that the College of Charleston is an alter ego of the state, and therefore is protected by sovereign immunity. The Eleventh Amendment provides that, "[t]he

Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment bars suits against a State brought in federal court by a state's own citizens or citizens of other states. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Fed. Maritime Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 760 (2002). Sovereign immunity protects the State itself, as well as its agencies, divisions, departments, officials, and other "arms of the State." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996). Neither a state nor an agency of a state is a "person" within the meaning of 42 U.S.C. § 1983. *Will*, 491 U.S. at 64–65. Congress has not abrogated the states' sovereign immunity under 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 343 (1979); *In re Sec. of Dep't of Crime Control and Public Safety*, 7 F.3d 1140, 1149 (4th Cir. 1993) ("it has long been settled that 42 U.S.C. § 1983 ... does not effect ... abrogation" of state immunity under the Eleventh Amendment). South Carolina has not consented to suit in federal district court. S.C.Code Ann § 15–78–20(e).

To the extent Plaintiff seeks monetary damages from a state university, the Defendant is immune from such relief under the Eleventh Amendment. *See Litman v. George Mason Univ.*, 186 F.3d 544, 549 (4th Cir. 1999), *cert. denied*, 528 U.S. 1181 (2000); *Huang v. Bd. of Govs. of Univ. of N.C.*, 902 F.2d 1134, 1138 (4th Cir. 1990) ("the Eleventh Amendment bars a suit by private parties to recover money damages from the state or its alter egos"); *Clemson Univ. v. W.R. Grace & Co.*, Case No. 2:86-2055-CWH, 1991 WL 112319, *12-13 (D.S.C. June 18, 1991) ("the College of Charleston is … an alter ego of the State of South Carolina"); *Schley v. College of Charleston*, 1996 WL 193867, *3 (4th Cir. 1996) (per curiam) (affirming and observing that "[a]pplying the Eleventh Amendment, the court properly dismissed the claims for actual and punitive damages

brought against the College"); *Johnson v. S.C. State Univ.,* Case No. 5:09–1421–MBS-JRM, 2009

WL 1834488, *4 (D.S.C. June 24, 2009).

This Court has explained that:

> The University is an arm of the State of South Carolina. *See Md. Stadium
> Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255 (4th Cir. 2005) ("Numerous
> courts have decided whether public state universities are 'arms of the
> state.' Almost universally, the answer has been in the affirmative.");
> *Martin v. Clemson University*, [654 F.Supp.2d 410] C/A No. 8:08–354–
> GRA, 2009 WL 2782182 (D.S.C. Aug. 28, 2009)…; S.C.Code Ann. § 59–
> 101–10 (legislatively creating the University of South Carolina and other
> State colleges and universities); S.C.Code Ann. § 59–107–10 (including
> the University of South Carolina in the definition of "state institution").

*DeCecco v. Univ. of S.C.,* Case No. 3:11–cv–2300–CMC, 918 F.Supp.2d 471 (D.S.C Jan. 16,

2013) (quoting *Greer v. Univ. of S.C.*, 2012 WL 405773, *4 (D.S.C. Jan. 20, 2012), *adopted by*

2012 WL 405727 (D.S.C. Feb. 8, 2012)); *Peltier v. Metts*, Case No. 2:09–44–DCN–RSC, 2009

WL 6593943, *3 (D.S.C. Jan.12, 2009) (summarily dismissing university), *adopted by* 2009 WL

6593938 (D.S.C. Jan. 28, 2009), *aff'd* 329 F. App'x 396 (4th Cir. 2009).  Based on sovereign

immunity, the College of Charleston should be dismissed as a party.[8]

## B. <u>Failure to State a Claim</u>

### 1. <u>Plaintiff cannot bring civil action under a criminal statute</u>

In his Complaint, Plaintiff cites S.C. Code Ann. § 16-3-1280 and appears to be alleging

that the trespass notice was a "false statement" that violated such statute. (DE# 1-1 at 5). S.C. Code

Ann. § 16-3-1280 provides:

> Any person who knowingly makes a false claim or a false statement in
> connection with any claim hereunder is guilty of a misdemeanor and upon
> conviction must be punishable by a fine of not less than five hundred

---

[8] "In the Fourth Circuit, it is unclear whether a dismissal on Eleventh Amendment immunity grounds is a dismissal
for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule
12(b)(1)." *Darling v. Falls*, --- F.Supp.3d ---, 2017 WL 664037, n.11 (M.D.N.C. Feb. 17, 2017) (quoting *Andrews v.
Daw*, 201 F.3d 521, 524 n.2 (4th Cir. 2000)). In any event, the College of Charleston has moved for dismissal under
Rule 12(b)(6), and the present case fails on the merits on several grounds.

dollars or by a term of imprisonment for not less than one year, or both, and shall further forfeit all money received hereunder, if any.

Any such claim fails as a matter of law. Section 16-3-1280 is a state criminal statute that makes it a misdemeanor to file a false claim or false statement in connection with a claim under the Victim's Compensation Act. The Defendant correctly points out that the Complaint does not allege that the College of Charleston made any false statement in connection with a claim under the Victim's Compensation Act. (DE# 16 at 3). Such statute has no application to this case. Plaintiff's mischaracterization of a trespass notice as a false statement allegedly in violation of an inapplicable state statute fails to suggest any basis for a violation of his constitutional rights.

Moreover, Plaintiff, as a private individual, cannot bring a civil action for relief pursuant to such criminal statute. See S.C. Code Ann. § 17-1-10 ("A criminal action is prosecuted by the State, as a party, against a person charged with a public offense, for punishment thereof."). Plaintiff's allegations are quite unclear, but if he is attempting to bring a claim based on S.C. Code § 16-3-1280, his claim fails as a matter of law. Plaintiff has no authority to bring criminal charges against another party. *See Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("[n]o citizen has an enforceable right to institute a criminal prosecution."); *Singleton v. Ten Unidentified U.S. Marshals,* Case No. 2:11–1811–TLW–JDA, 2011 WL 4970779 (D.S.C. Sept. 1, 2011), *adopted by* 2011 WL 5005271 (D.S.C., Oct. 19, 2011) (same). Plaintiff has no constitutional right to, or any judicially cognizable interest in, the prosecution of another party. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (applying *Linda R.S.* and collecting cases).

If Plaintiff is asking this Court to prosecute a state claim under S.C. Code Ann. § 16-3-1280, Plaintiff is requesting relief that is inappropriate or unavailable. This Court does not bring

criminal prosecutions as a form of relief in civil cases. *See State v. Blakely*, 402 S.C. 650, 658 (2014) (observing that only a prosecutor "has discretion in choosing how to proceed with a case, including whether to prosecute in the first place") (quoting *State v. Langford*, 400 S.C. 421, 435 n. 6 (2012), *cert. denied*, 134 S.Ct. 60 (2013)). Prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, is within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

Given that Plaintiff appears to be attempting to bring a civil claim under a criminal statute, or is mischaracterizing an alleged violation of such inapplicable state statute as a constitutional violation, the present Complaint fails to state a claim for relief. The claim fails as a matter of law, and such deficiency cannot be remedied by more specific pleading of facts or by any other amendment. *Adams v. Rice,* 40 F.3d 72, 75 fn. (4th Cir. 1994) (affirming the dismissal of a §1983 lawsuit with prejudice because the deficiency could not be remedied by more specific pleading).

## 2. Complaint's Allegations Fail to State a § 1983 Claim

Section 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey*, *Ltd.*, 526 U.S. 687, 707 (1999). To state a § 1983 claim, a plaintiff must allege facts indicating: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While a complaint need not expressly invoke § 1983 as the legal theory for a plaintiff's claim, the United States Supreme Court has instructed that a complaint "must plead facts sufficient to show that [a] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346 (2015) (citing *Iqbal*, 556 U.S. at 676–77). The present Complaint fails to meet this minimal pleading standard.

In the first place, a state university is an agency of the state and is not a "person" for purposes of 42 U.S.C. § 1983. *Will*, 491 U.S. at 64–65. Secondly, the allegations of Plaintiff's Complaint make little sense, and at best, are difficult to follow. Plaintiff, who is not a student at the College of Charleston, appears to complain that he was restricted from the campus. He makes the conclusory allegation that he was therefore "harassed" due to "his national origin name" and "Native American status." (DE# 1-1 at 5). However, he alleges no facts suggesting any plausible connection between his trespassing and his name or status. Plaintiff's conclusory and unsupported allegation is not sufficient to state a plausible claim for relief. *Iqbal,* 556 U.S. at 678; *A Soc'y Without a Name*, 655 F.3d at 346. Moreover, Plaintiff's name "Glynndeavin Von Fox" does not appear to be an American Indian name, and in fact, Plaintiff himself refers to his "European" heritage and name. (DE# 15-2 at 11, indicating that he "has a cultural history with almost every European country that has had contact with the original thirteen colonies").[9]

The allegations of Plaintiff's Complaint are conclusory and inadequate to state a plausible claim under § 1983. Plaintiff has not alleged any supporting facts that might shed light on why he believes his constitutional rights have been violated. The United States Supreme Court has made it clear that more than conclusory statements are required to state a plausible claim. *Iqbal*, 556 U.S. at 677–79. A plaintiff must sufficiently allege specific facts that actually support a plausible claim for relief. *Id.* at 678. Although courts give "liberal construction" to *pro se* pleadings, the Fourth Circuit Court of Appeals has instructed that courts should not "ignore a petitioner's clear failure to allege facts that set forth a cognizable claim." *Wilson*, 699 F.3d at 797. Although Plaintiff filed a response to the motion to dismiss, his response is virtually incomprehensible. (DE# 15).

---

[9] In past cases, Plaintiff has repeatedly referred to his "Prussian/ Bavarian/ Hessian/ Swiss name." *See Von Fox v. Savage Law Firm,* D.S.C. Case No. 2:16-cv-180-RMG-MGB (DE# 1 at 4); *Von Fox. v. Charleston Police Dept.*, D.S.C. Case No. 2:16-cv-136 (DE# 1 at 5, indicating he "is paternally British from the 13th century in Buckinghamshire, UK outside of London, UK.").

This Court should not ignore Plaintiff's clear failure to allege facts that set forth a cognizable claim.

"Unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009); *Carter v. Norfolk Comm. Hosp. Assoc.*, 761 F.2d 970, 974 (4th Cir. 1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice.").

## IV. <u>Conclusion</u>

In conclusion, this case is subject to dismissal because 1) the Defendant College of Charleston is protected by sovereign immunity under the Eleventh Amendment, and moreover, the Complaint fails on the merits because: 2) the Complaint fails to state a plausible claim because Plaintiff cannot bring a claim under a criminal statute that does not provide any private right of action to him; and 3) the Complaint fails to state a plausible claim for violation of any constitutional right for purposes of 42 U.S.C. § 1983 based on Plaintiff's conclusory allegation that a trespass notice amounted to harassment due to his "national origin  name" and/or Native American status.

## V. <u>Recommendation</u>

Accordingly, the Magistrate Judge recommends that the "Motion to Dismiss" (DE# 8) be **granted**, and that Complaint (DE# 1) be **dismissed with prejudice**.

**IT IS SO RECOMMENDED.**

June 21, 2017
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

Plaintiff's attention is directed to the **Important Warning** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).