IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Glynndeavin von Fox, | ) | Civil Action No. 2:17-483-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| College of Charleston, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that Defendant's motion to dismiss be granted and that the complaint be dismissed with prejudice. For the reasons set forth below, the Court adopts in part and declines to adopt in part the Report and Recommendation. The complaint is dismissed without prejudice.

**I.    Background**

Plaintiff, who is not a student at the College of Charleston, has sued the College because he received a trespass notice. According to Plaintiff, the ostensible reason for the trespass notice was an accusation that he was sleeping in a Starbucks located within a library. Plaintiff claims that accusation is false and that the real reason he was barred from College property is his "national origin name and Native American status." (Dkt. No. 1-1 at 5.) Plaintiff filed suit in the Charleston County Court of Common Pleas on December 13, 2016, seeking $150,000 in damages. Although Plaintiff did not explicitly plead any federal cause of action, on February 17, 2017, Defendant timely removed based on Plaintiff's references to harassment based on national origin. Plaintiff consented to removal. (Dkt. No. 5.) On February 24, 2017, Defendant moved to dismiss. The Magistrate Judge recommended granting the motion to dismiss on June 21, 2017. Plaintiff timely objected to the Report and Recommendation. (Dkt. No. 42.)

-1-

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1). When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992).

### B. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

Defendant moves to dismiss on two bases: (1) under Rule 12(b)(1) of the Federal Rules of Civil Procedure because the College of Charleston is protected by sovereign immunity, and (2) under Rule 12(b)(6) because the complaint fails to state a plausible claim for relief. For the reasons set forth below, the Court denies the motion under Rule 12(b)(1) but grants it under Rule 12(b)(6).

#### A. Sovereign Immunity

The Magistrate Judge recommends dismissal of the College of Charleston as a party based on Eleventh Amendment immunity, because the College of Charleston is an alter ego of the state and therefore is immune from suits in federal court brought by private parties to recover money damages. (Dkt. No. 40 at 7–9.) That recommendation, however, is erroneous because removal waives the state's Eleventh Amendment immunity. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 624 (2002). The Court therefore declines to adopt Part III.A of the Report and Recommendation.

#### B. Failure to State a Claim

As the Magistrate Judge observes, Plaintiff's complaint appears to allege that the trespass notice was a "false statement" in violation of S.C. Code § 16-3-1280, which makes it a misdemeanor to file a false claim or false statement in connection with a claim under South

Carolina's Victim's Compensation Act. Plaintiff cannot bring a civil action for relief under a state criminal statute. *See* S.C. Code Ann. § 17-1-10. Moreover, Plaintiff does not allege that the College of Charleston made any false statement in connection with a claim under the Victim's Compensation Act. His characterization of a trespass notice as a false statement fails to suggest any violation of his constitutional rights. And to the extent Plaintiff means to bring a § 1983 claim, a state university is an agency of the state and is not a "person" for purposes of 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64–65 (1989).

Further, Plaintiff's complaint is nonsensical. Plaintiff regularly files incoherent pleadings. In 2016, Plaintiff filed at least 21 cases with this Court, all of which were summarily dismissed.[1] *See, e.g.*, Civ. Nos. 2:16-98; 2:16-106; 2:16-131; 2:16-132; 2:16-136; 2:16-179; 2:16-180; 2:16-181; 2:16-182; 2:16-183; 2:16-184; 2:16-185; 2:16-186; 2:16-197; 2:16-188; 2:16-209; 2:16-225; 2:16-227; 2:16-228; 2:16-394. His response to the motion to dismiss in this case consists of 362 pages of bizarre arguments and documents, including a complaint to the Secretary General of the United Nations "to inform of the solidity of the peonage of the State of South Carolina regarding federal court district allowance of travel for *Business Related Income Travel* in order to pay bills in the capitalist county of the United States of America." (Dkt. No. 37.) Plaintiff's objections to the Report and Recommendation are similarly absurd. (*See* Dkt. No. 42.)

The Magistrate Judge's recommendation that the complaint therefore be dismissed with prejudice is understandable but the Court must decline that recommendation. Although the claims asserted in this particular suit manifestly are without merit, as a rule it is inappropriate to dismiss

---

[1] The Report and Recommendation states Plaintiff "is currently subject to a filing injunction in federal court." (Dkt. No. 40 at 3.) That is slightly inaccurate. Plaintiff is barred from filing any action in this Court without full payment of filing fees, because his *in forma pauperis* applications disclosed substantial assets, but he is not subject to a pre-filing injunction.

with prejudice the claims of a *pro se* plaintiff where substantial questions exist regarding the plaintiff's competence. *See* Fed. R. Civ. P. 17(c); *Yoder v. Patla*, 234 F.3d 1275 (7th Cir. 2000); *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989). The Court generally is not required to undertake a *sua sponte* collateral inquiry into the competence of a civil litigant, *see Hudnall v. Sellner*, 800 F.2d 377, 386 (4th Cir. 1986), but, as the Magistrate Judge notes, the record of this case and the record of other actions brought by Plaintiff contain ample evidence of Plaintiff's serious psychological issues, including his paranoid schizophrenia diagnosis and civil commitment. (*See, e.g.*, Dkt. Nos. 15-2 at 8, 15-4 at 119–20, 40 at 4 n.3; *von Fox v. Med. Univ. of S.C.*, Civ. No. 2:16-179-RMG (D.S.C., Dkt. No. 1 at 10).) The Court therefore dismisses the complaint without prejudice.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART AND DECLINES TO ADOPT IN PART** the Report and Recommendation of the Magistrate Judge (Dkt. No. 40), **GRANTS IN PART AND DENIES IN PART** the motion to dismiss (Dkt. No. 8), and **DISMISSES WITHOUT PREJUDICE** the complaint (Dkt. No. 1-1).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 10, 2017
Charleston, South Carolina