IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED CLERK'S OFFICE
2017 JUL 12 A 7: 45
DISTRICT COURT
CHARLESTON, SC

| | |
|---|---|
| Glynndeavin von Fox, | ) Civil Action No. 2:17-483-RMG |
| Plaintiff, | ) |
| v. | ) ORDER AND OPINION |
| College of Charleston, | ) |
| Defendant. | ) |

This matter is before the Court on Defendant's motion under Rule 59(e) of the Federal Rules of Civil Procedure for reconsideration of the Court's order dismissing the complaint. (Dkt. No. 46.) Defendant argues the Court erred in relying on *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613 (2002), to deny its claim of sovereign immunity, citing *Stewart v. North Carolina*:

> *Lapides* addresses whether a state that removes an action to federal court having already consented to suit in its own courts can invoke Eleventh Amendment immunity; it does not resolve whether a state that has not consented to suit in its own courts maintains either the broader concept of sovereign immunity or Eleventh Amendment immunity upon voluntarily removing a case to federal court.
>
> . . .
>
> The Court in *Lapides* did not resolve the effect, if any, of a state's voluntary decision to remove an action from which it would have been immune in its own courts.

393 F.3d 484, 488–89 (4th Cir. 2005). In *Stewart*, the Fourth Circuit held that "by removing the case to federal court and then invoking sovereign immunity, North Carolina did not seek to *regain* immunity that it had abandoned previously. Instead, North Carolina merely sought to have the sovereign immunity issue resolved by a federal court rather than a state court." *Id.* at 490. In other

-1-

words, if the state enjoys sovereign immunity from suit in state court, it does not waive that immunity by removing to federal court.

Defendant argues that, under *Stewart*, it enjoys sovereign immunity because "the College never consented to be sued in this or any other forum." (Dkt. No. 46 at 2.) But whether the "College" consents to suit is of no moment; presumably, it would never consent to being sued. The issue is whether South Carolina has sovereign immunity from suit in its own courts, and that is an issue decided by the South Carolina legislature and South Carolina courts, not the College of Charleston. Both have answered in the negative. "Sovereign immunity can no longer be tolerated in this State." *McCall by Andrews v. Batson*, 329 S.E.2d 741, 742 (S.C. 1985), *superseded by statute*; *see also* S.C. Code § 15-78-20(c)(i) (providing "that sovereign immunity will not bar recovery in any cause of action arising or accruing on or before the effective date of this act"). The Court therefore declines to reconsider its ruling regarding Defendant's assertion of immunity.

Defendant also argues the Court should "amend its July 10, 2017 order to hold that the College is not a 'person' subject to Section 1983." (Dkt. No. 46 at 3.) The Court declines to do so because that point is already stated in the order: "And to the extent Plaintiff means to bring a § 1983 claim, a state university is an agency of the state and is not a 'person' for purposes of 42 U.S.C. § 1983." (Dkt. No. 45 at 4.)

Finally, Defendant argues Plaintiff's claims should be dismissed with prejudice because its status as a non-person under § 1983 is a "complete defense" to a § 1983 claim. But it does not appear that Defendant only pleaded § 1983 claims. (*See* Dkt. No. 1-1 at 9 ("Slander/Libel" selected under "Nature of Action").) So Defendant's status as a non-person under a federal statute does not appear to be a "complete defense" to the complaint. The "complete defense" in this case is not that a *pro se* Defendant who filed a libel action in state court named the wrong party for a § 1983

action; rather, it is the failure to state any claim at all. The complaint is frivolous and without merit. But arguments about having a "complete defense" are simply off-point. Medical records cited in the Report and Recommendation plainly raise a substantial question—indeed, a near certainty—that Plaintiff is an incompetent person under Rule 17 of the Federal Rules of Civil Procedure. For that reason, the Court declined to adjudicate his claims—or Defendant's defenses to those claims—on the merits. Defendant offers no argument for reconsideration relevant to that reasoning.

The motion to reconsider therefore is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 11, 2017
Charleston, South Carolina